# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) OJOS LOCOS SPORTS CANTINA, LLC, ) OJOS LOCOS SPORTS CANTINA DOS, LLC, ) OJOS LOCOS SPORTS CANTINA TRES, LLC, ) OJOS LOCOS SPORTS CANTINA CUATRO, ) LLC, AND REACH RESTAURANT GROUP, ) LLC ) ) Defendants. ) _____) | CIV. NO: **COMPLAINT** **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of sex, female, and/or retaliation, and to provide appropriate relief to Shyanne Hyde and other similarly situated female employees of Defendants who were adversely affected by such practices during their employment with Defendants. As alleged with greater particularity below, the Commission alleges that Shyanne Hyde and other similarly situated female employees of Defendants were subjected to sexual harassment by supervisory or managerial officials and/or co-workers in the Albuquerque, New Mexico Ojos Locos Sports Cantina location, including, but not limited to, unwelcome verbal harassment and unwelcome physical touching which created a hostile work environment for them because of their sex, female. The Commission also alleges that Shyanne

Hyde and other similarly situated female employees of Defendants suffered retaliation because of their opposition to unlawful employment practices. The Commission further alleges that Defendants discharged Shyanne Hyde and discharged or forced similarly situated female employees to resign their employment because of the sex harassment, including the Defendants' failure to remedy or prevent it, and/or in retaliation for opposition to unlawful employment practices.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-5 (f)(1) and(3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Mexico.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times Ojos Locos Sports Cantina, LLC, Ojos Locos Sports Cantina Dos, LLC, Ojos Locos Sports Cantina Tres, LLC, Ojos Locos Sports Cantina Cuatro, LLC and Reach Restaurant Group ("Defendant Employer") have continuously been Texas limited liability companies. The four limited liability companies listed above did business as an integrated

enterprise, including common management by Rich Hicks and Reach Restaurant Group LLC, in the State of New Mexico and the City of Albuquerque; and, the integrated enterprise continuously employed more than 500 employees in the United States.

5. At all relevant times Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Shyanne Hyde filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

7. On May 31, 2018, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On June 22, 2018, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant Employer that the Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FIRST CLAIM FOR RELIEF

**[Discrimination Based on Sex - 42 U.S.C. § 2000e-2(a)]**

10. Since at least August 2014, Defendant Employer has engaged in unlawful employment practices in Albuquerque, New Mexico in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) because of sex.

11.     Defendant Employer employed Shyanne Hyde and other similarly situated female employees at its Albuquerque, New Mexico Ojos Locos Sports Cantina location.

12.     Since at least August 2014, Defendant Employer subjected Shyanne Hyde and other similarly situated female employees to a hostile work environment based on their sex created by verbal and physical sexual harassment. For example, Hyde and other women were subjected to unwelcome sexual conduct by supervisory, managerial officials and/or co-workers, including but not limited to:

- Receiving an unwelcome photograph of a supervisor's penis by text;
- Frequent comments by supervisors and co-workers about penises;
- Frequent sexual comments about women's appearance and women's body parts;
- Requests for sex;
- Touching and groping of female employees;
- Frequent sexual remarks and sexual innuendo; and
- Being required to submit to photographs of their bodies, including bare mid-sections and cleavage as a condition of employment.

13.     On or about October 2016, Defendant Employer discharged Shyanne Hyde because she did not submit to the sexual harassment.

14.     Since at least August 2014, Defendant Employer did not exercise reasonable care to prevent and correct promptly any sexually harassing behavior in the workplace. None of the women suffering harassment unreasonably failed to take advantage of any preventive or corrective opportunities provided by the Defendant Employer.

15. Since at least August 2014, Defendant Employer knew of or in the exercise of reasonable care should have known of the hostile or offensive work environment because of sex that was suffered by Shyanne Hyde and other similarly situated female employees assigned to the Albuquerque, New Mexico Ojos Locos Sports Cantina location. Women repeatedly complained to Defendant Employer about the hostile or offensive work environment and that the environment was openly hostile to women, but Defendant Employer negligently failed to take timely preventative or remedial actions.

16. The effect of the practices complained of above has been to deprive by Shyanne Hyde and other aggrieved individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, female.

17. The unlawful employment practices complained of above were intentional.

18. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Shyanne Hyde and other female employees of Defendant Employer.

## SECOND CLAIM FOR RELIEF

### [Retaliation-42 U.S.C. § 2000e-3(a)]

19. Since at least September 2015, Defendant Employer has engaged in unlawful retaliatory employment practices in Albuquerque, New Mexico in violation of Section 704(a) of Title VII, 42 U.S.C. §§ 2000e-3(a) because Shyanne Hyde and other aggrieved individuals opposed unlawful employment practices, including sexual harassment.

20. Since at least September 2015, aggrieved individuals who complained to Defendant Employer about the sexually hostile work environment, including but not limited to Shyanne Hyde,

suffered adverse terms and conditions of employment because they opposed sexual harassment. For example, Ms. Hyde and other women who refused to comply with sexual advances and/or complained about the sexually hostile work environment were denied requests for additional work hours or additional shifts and/or were forced to work in restaurant areas that were viewed by servers as unfavorable work areas and/or were discharged or constructively discharged.

21. The effect of the practices complained of above has been to deprive Shyanne Hyde and other aggrieved individuals equal employment opportunities and otherwise adversely affect their status as employees because they opposed unlawful employment practices.

22. The unlawful retaliatory employment practices complained of above were intentional.

23. The unlawful retaliatory employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Shyanne Hyde and other female employees of Defendant Employer.

## THIRD CLAIM FOR RELIEF

### [Discharge and/or Constructive Discharge-42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a]

24. In October 2016, Shyanne Hyde was discharged in violation of Section 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) and Section 704(a) of Title VII, 42 U.S.C. §§ 2000e-3(a) because of her sex, female, and/or in retaliation for her opposition to unlawful employment practices.

25. Since at least September 2015, aggrieved individuals who worked at Defendant Employer's Albuquerque, New Mexico Ojos Locos Sports Cantina location were discharged and/or constructively discharged in violation of Section 703(a) of Title VII, 42 U.S.C. §§ 2000e-

2(a) and Section 704(a) of Title VII, 42 U.S.C. §§ 2000e-3(a) because of their sex, female; because of the sex harassment they endured and Defendant Employer's failure to prevent or remedy the hostile work environment; and/or in retaliation for their opposition to unlawful employment practices.

26. The effect of the practices complained of above has been to deprive Shyanne Hyde and other female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, female, and because they opposed unlawful employment practices.

27. The unlawful employment practices complained of above were intentional.

28. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Shyanne Hyde and other female employees of Defendant Employer.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, successors, assigns and all persons in active concert or participation with it, from engaging in any practice that permits the harassment of employees because of sex and any other employment practice which discriminates on the basis of sex.

B. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, successors, assigns and all persons in active concert or participation with it, from engaging in any practice that permits retaliation against employees because they opposed

unlawful employment practices, made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under Title VII.

C.  Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for women and for individuals who oppose unlawful employment practices and which eradicate the effects of its past and present unlawful employment practices, including sex discrimination and retaliation.

D.  Order Defendant Employer to make whole Shyanne Hyde and other aggrieved female employees, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or frontpay.

E.  Order Defendant Employer to make whole Shyanne Hyde and other aggrieved individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10-28 above, including job search expenses or medical expenses, in amounts to be determined at trial.

F.  Order Defendant Employer to make whole Shyanne Hyde and other aggrieved individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 10-28 above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life and other nonpecuniary losses, in amounts to be determined at trial.

G.  Order Defendant Employer to pay Shyanne Hyde and other aggrieved individuals punitive damages for its malicious and/or reckless conduct described in paragraphs 10-28 above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs in this action.

## JURY TRIAL DEMANDED

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 8th day of August 2018.

>Respectfully submitted,
>
>*Electronically Filed*
>
>*/s/ LORETTA MEDINA*
>Supervisory Trial Attorney
>
>*/s/  Jeff A. Lee*
>Senior Trial Attorney
>
>EQUAL EMPLOYMENT OPPORTUNITY
>   COMMISSION
>Albuquerque Area Office
>505 Marquette NW, Suite 900
>Albuquerque, New Mexico 87102
>(505) 248-5230
>(505) 248-5210
>Loretta.Medina@eeoc.gov
>Jeff.Lee@eeoc.gov
>Attorneys for Plaintiff

**PLEASE NOTE:**

**For purposes of service upon the EEOC, it is sufficient that pleadings, notices, and court documents be served upon the Trial Attorneys.  Duplicate service is not required on the General Counsel and Associate General Counsel in Washington, D.C.**