# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Plaintiff,

v.                                           Case No: 1:18-cv-00758-RB-LF

OJOS LOCOS SPORT CANTINA, LLC
OJOS LOCOS SPORTS CANTINA DOS, LLC,
OJOS LOCOS SPORTS CANTINA TRES, LLC,
OJOS LOCOS SPORTS CANTINA CUATRO,
LLC, AND REACH RESTAURANT GROUP,
LLC,

      Defendants.

---

## CONSENT DECREE

---

## I.   RECITALS

**1.**   This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("EEOC"), an agency of the United States, alleging that defendants, Ojos Locos Sports Cantina, LLC, Ojos Locos Sports Cantina Dos, LLC, Ojos Locos Sports Cantina Tres, LLC, Ojos Locos Sports Cantina Cuatro, LLC, and Reach Restaurant Group, LLC (collectively "Defendants"), engaged in unlawful sexual harassment and retaliation against Shyanne Hyde ("Hyde or Charging Party") and similarly situated females (collectively the "Aggrieved Individuals") in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*

2.     Defendants deny they engaged in any unlawful sexual harassment or retaliation, or any other unlawful conduct alleged in the EEOC Complaint, dated August 8, 2018 (the "Complaint").

3.     The entry of this Consent Decree ("Decree") does not constitute a finding of any violation of the law, but instead represents a mutual agreement entered to advance the best interests of the Parties and the Aggrieved Individuals and to facilitate the goals of Title VII.

4.     The parties to this Decree are the Plaintiff and the Defendants (the "Parties").

5.     In the interest of resolving this matter, and as a result of having engaged in extensive and comprehensive settlement negotiations, and to avoid the expense of further litigation, the Parties, do hereby stipulate and consent to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter the Decree enforceable against Defendants.

6.     The EEOC agrees it will not use Charge of Discrimination Number 543-2017-00072 (the "Charge") filed by Charging Party as the jurisdictional basis for filing any other lawsuit against Defendants. Nothing in this Decree precludes the EEOC from filing lawsuits based on charges or claims by persons not resolved in this Decree. The EEOC reserves all rights to proceed with respect to matters not covered in this Decree and to secure relief on behalf of aggrieved persons not covered by this Decree.

7.     As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

8.     The Parties have agreed that this Decree may be entered without findings of fact and conclusions of law having been made and entered by the Court.

9.     The Defendants, their officers, agents, and successors will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

10.     For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II.    JURISDICTION

11.     The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action, and have waived, for purposes of the action, entry of findings of fact and conclusions of law.

12.     The Parties stipulate to the Court's exercise of jurisdiction over the Decree and any proceedings related to the Decree.

13.     The Court shall retain jurisdiction of this action for the duration of the Decree for the purposes of entering all orders, judgments, and decrees which may be necessary to implement its terms and the relief provided.

## III.    DEFINITIONS

14.     **Complaint of Discrimination, Harassment, or Retaliation:** A complaint of discrimination, harassment, or retaliation shall be any oral or written allegation that comes to the attention of a supervisor or manager of Defendants and makes allegations that are appreciated by any supervisor or manager as an allegation of gender discrimination, sexual harassment, or retaliation,  by a co-worker or manager, regardless of whether the employee complains in writing or expressly uses the terms "sexual," "discrimination," "harassment," or "retaliation."

15.     **EEO:** The term "EEO" shall refer to the phrase "equal employment opportunity."

16.     **Effective Date:** The Effective Date of this Decree is the date on which the Court gives final approval to the Decree, after hearing, if required.

17.     **Charging Party:** The term "Charging Party" shall refer to Shyanne Hyde.

18.     **Charge:** The term "Charge" shall refer to Charge of Discrimination Number 543-2017-00072 filed by Charging Party.

19.     **Aggrieved Individual:** The term "Aggrieved Individual" shall refer to Charging Party and similarly-situated women the EEOC identified and for whom the EEOC seeks relief pursuant to this Decree.

20.     **Consultant:** The term "Consultant" shall refer to a private vendor with Human Resources expertise in the area of drafting EEO policies, and who has expertise in sexual harassment investigation and prevention techniques. Consultant may include outside counsel or designees of outside counsel who are qualified to perform the consultant duties under this Decree.

21.     **Days:** Unless otherwise indicated, the word "days" in this Decree refers to calendar days.

22.     **Ojos Restaurant:** The term "Ojos Restaurant" shall refer to any restaurant owned as of the Effective Date by Ojos Locos Sports Cantina, LLC, Ojos Locos Sports Cantina Dos, LLC, Ojos Locos Sports Cantina Tres, LLC, Ojos Locos Sports Cantina Cuatro, LLC, or their successors.  A list of the Ojos Restaurants is set forth on **Exhibit D**.

23.     **Ojos Albuquerque**: The term "Ojos Albuquerque" shall refer to Ojos Cantina Dos, LLC, which is the corporate entity for the Ojos Locos Sports Cantina located in Albuquerque, New Mexico.

24.     **Reach**: The term "Reach" shall refer to Reach Restaurant Group, LLC.

## IV.   TERM, SCOPE AND ISSUES RESOLVED

**25.   Term:** The duration of this Decree shall be three (3) years from the Effective Date (the "Term").

**26.   Scope:** The terms of this Decree shall apply to each Ojos Restaurant in the United States, and shall include all individuals with responsibility over such facilities, specifically including those employees of Reach who have management or human resources responsibility over employees of any Ojos Restaurant, except that the Parties agree that Paragraphs 57- 62,65, and 71 herein regarding posting of a Notice (**Exhibit C**), audits, and reporting shall apply only to Defendants' operations of Ojos Albuquerque. Further, reporting obligations described in Paragraphs 66-70 and 72 for Ojos Restaurant may be met by a report(s) from Ojos Albuquerque.

**27.   Issues Resolved:** The Parties agree that this Decree completely and finally resolves all claims alleged in the above-captioned lawsuit, and constitutes a complete and final resolution of all of the EEOC's claims of unlawful employment practices under Title VII that arise from the Charge, and the claims of any Aggrieved Individuals, including claims for back pay, front pay, compensatory and punitive damages, interest, injunctive relief, attorney's fees and costs arising out of the issues relating to this lawsuit.

**28.   Non-Waiver of EEOC Claims:** Nothing in this Decree shall be construed to preclude EEOC from bringing suit to enforce this Decree in accordance with the enforcement provisions of Section VIII ("Enforcement of Consent Decree").

### IV.   MONETARY RELIEF

**29.   **Defendants agree to pay $ 700,000.00 to resolve this case.

**30.**     Defendants will not condition the receipt of individual relief upon an Aggrieved Individual's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position at any of Defendant's facilities.

**31.**     However, each Aggrieved Individual must sign a Release in the form of the document attached as **Exhibit A** ("Release").

**32.**     The Settlement Amount shall be apportioned among the alleged Aggrieved Individuals identified by the EEOC as entitled to relief pursuant to this Decree, in amounts to be determined by the EEOC.  Where EEOC seeks back pay for Aggrieved Individuals, payment to the Aggrieved Individuals will be apportioned to "back pay" amounts, as specified by the EEOC. Otherwise, payments to Aggrieved Individuals will be for "compensatory damages" only. Payments designated "back pay" shall be reported on IRS Form W-2. Defendants shall be responsible for paying its share of payroll taxes for "back pay" and, in accordance with either a newly submitted W-4 or the most recent W-4 on file with Defendants, withholding applicable payroll taxes owed by the Aggrieved Individuals.  Payments designated as "compensatory damages" shall be reported on IRS Form 1099 by Defendants and shall not be subject to withholdings.

**33.**     **Apportionment of Payment:** Within thirty (30) days from the Effective Date, the EEOC will provide Defendants with a final distribution list identifying each of the Aggrieved Individuals to receive payment. The final distribution list will provide the name, address, and payment amounts of back pay and compensatory damages for each person to receive payment. The

EEOC shall also provide Defendants with copies of the Release executed by the Aggrieved Individuals, and any newly submitted W-4s or forms required for 1099 distributions.

34. **Transmittal of Payments:** Within thirty (30) business days of Defendants' receipt of a signed Release from an Aggrieved Individual, Defendants will issue payment checks to that Aggrieved Individual in the amounts specified in the final distribution list and mail such checks to the Aggrieved Individual at the address provided by the EEOC.  Defendants will not be required to make payments to any Aggrieved Individual who does not sign the Release.

35. **EEOC's Discretion to Allocate Relief:** The EEOC retains the sole discretion to determine allocations of monetary relief to Aggrieved Individuals pursuant to this Decree.

36. **Copy of Checks to EEOC:** Within fourteen (14) business days after payments are mailed to payees, Defendants shall submit to the EEOC a copy of the checks issued.

37. **IRS forms:** Defendants shall issue to each Aggrieved Individual an IRS Form W-2 for any backpay amount and an IRS Form 1099 for the compensatory damages amount.

38. **Undelivered or Unnegotiated Checks:** If any Aggrieved Individual does not return a Release, or if any checks are returned undeliverable, are not cashed, or are not otherwise negotiated within thirty (30) days after mailing to the Aggrieved Individual, Defendants will provide notice to the EEOC of which Aggrieved Individual did not sign a Release or whose checks have not been negotiated.  Within ninety (90) days of receiving notice from Defendants that an Aggrieved Individual(s) has not signed a Release or negotiated a check, the EEOC will attempt to resolve the issue and provide Defendants with an alternative address or delivery method to provide payment to the Aggrieved Individual. In the event an Aggrieved Individual's relief payment has not been distributed and/or negotiated by her within three hundred (300) days of the Effective

Date, that Aggrieved Individual's payment will be reallocated by the EEOC to other Aggrieved Individual(s) and payments will be redistributed by Defendants according to the discretion and instruction of the EEOC.

39.     **Costs of Distribution:** All costs associated with the distribution of settlement funds to Aggrieved Individuals shall be paid by Defendants.

## V.     OTHER INDIVIDUAL RELIEF

40.     **Expungement of Personnel Files**: Within thirty (30) days of the EEOC providing the final distribution list of Aggrieved Individuals as required under Paragraph 33, Defendants shall expunge from the Aggrieved Individuals' personnel files (a) all references, if any, to the charges of discrimination filed against Defendants that formed the basis of this action; (b) all references, if any, to the allegations of discrimination filed against Defendants that formed the basis of this action; and (c) all references, if any, to the Aggrieved Individuals' participation in this action.

41.     **Expungement of Termination of Shyanne Hyde**: Within thirty (30) days of the Effective Date, Defendants shall expunge the letter of termination from Shyanne Hyde's records and shall ensure that all of Defendants' records reflect that Shyanne Hyde voluntarily resigned from her employment.

42.     **References**: Should any prospective employer request a reference for any of the Aggrieved Individuals in this litigation, Defendants shall provide a reference that states the dates of employment and position(s) held during employment.

**43.** **Letter of Apology:** Within ten (10) business days of the Effective Date, Defendants shall provide a letter of apology to Charging Party on company letterhead in the form attached as **Exhibit B**.

## VI.   EQUITABLE RELIEF

### A.   *Injunctive Relief*

**44.** Defendants, their officers, agents, and successors are enjoined from engaging in any employment practice with respect to any employee of any Ojos Restaurant which discriminates on the basis of sex, including but not limited to sexual harassment made unlawful under Title VII of the Civil Rights Act of 1964, as amended.

**45.** Defendants, their officers, agents, and successors are enjoined from engaging in any retaliation against employees of or applicants for employment to any Ojos Restaurant because of such individual's opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended, including because such individual brings an internal complaint of discrimination with the Defendants; because such individual files or causes to be filed a charge of discrimination with the EEOC or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge; or because such individual testifies or participates in the investigation or prosecution of an alleged violation of Title VII. Defendants shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action.

### B.   *EEO Policy and Record-Retention Review*

**46.** Within sixty (60) days of the Effective Date, the Defendants shall, in consultation with a Consultant, review and revise as appropriate any existing EEO policy, including any sexual

harassment policy, applicable to employees of any Ojos Restaurant or employees of Reach who have management or human resources responsibility over employees of any Ojos Restaurant. After consultation with its Consultant, Defendants must adopt and maintain a comprehensive policy against harassment and retaliation applicable to all employees of any Ojos Restaurant (the "Ojos Restaurant EEO Policy").

**47.**     The Ojos Restaurant EEO Policy must include at a minimum:

**47.1.**   A strong and clear commitment to preventing unlawful sex discrimination, including but not limited to sexual harassment.

**47.2.**   A strong and clear commitment to preventing retaliation;

**47.3.**   A clear and complete definition of sexual harassment and retaliation;

**47.4.**   A statement that discrimination based on sex, including but not limited to sexual harassment, and retaliation is prohibited and will not be tolerated;

**47.5.**   A clear and strong encouragement of persons who believe they have been discriminated or retaliated against to report such concerns;

**47.6.**   A detailed explanation of how complaints or reports can be made by employees, including but not limited to, the identification of all specific individuals or hot-lines, with business telephone numbers, business cell phone numbers (if any), and business e-mail addresses, to whom employees can report their concerns about discrimination, harassment, or retaliation;

**47.7.**   A clear explanation of the steps an employee must take to report discrimination or retaliation, which must include the options of either an oral or written complaint;

**47.8.**   An assurance that Defendants will investigate allegations of any activity that might be construed as unlawful sex discrimination and that such investigation will be prompt, fair, and reasonable, and conducted by a neutral investigator, which includes individuals in human resources, specifically trained in receiving, processing, and investigating allegations of sex discrimination

**47.9.**   An assurance that appropriate corrective action will promptly be taken by Defendants to make victims of confirmed sex harassment whole and to eradicate the unlawful conduct within its workforce;

**47.10.**   A description of the consequences, including specific disciplinary actions up to and including termination, that will be imposed upon violators of Defendants' anti-discrimination and anti-harassment policies;

**47.11.**   A promise of maximum feasible confidentiality for persons who report unlawful discrimination, harassment, and/or retaliation, or who participate in an investigation into allegations of discrimination, harassment, and/or retaliation;

**47.12.**   An assurance of non-retaliation for persons who report unlawful discrimination, harassment, and/or retaliation, and for witnesses who provide testimony or assistance in the investigation(s) of such unlawful discrimination, harassment, and/or retaliation; and

**47.13.**   An assurance that Defendants view retaliation against any individual who reports harassment as intolerable conduct that will be addressed immediately and with significant consequences to the retaliating official.

48.     Within ninety (90) days of any revisions to the Ojos Restaurant EEO Policy, Defendants shall distribute the Ojos Restaurant EEO Policy to current employees at any Ojos Restaurant and employees of Reach who have management or human resources responsibility over employees of any Ojos Restaurant.

49.     Within ninety (90) days after of any revisions to the Ojos Restaurant EEO Policy as required by Paragraph 46-47, above, the revised Ojos Restaurant EEO Policy also shall be posted in a prominent location frequented by employees at each Ojos Restaurant. The Ojos Restaurant EEO Policy may be posted in non-public areas of the restaurant facilities but in areas freely accessible to employees. The Ojos Restaurant EEO Policy must be made available in alternative formats as necessary for persons with disabilities and for persons who do not read English.

50.     Within sixty (60) days of the Effective Date, Defendants shall review and revise any policies or procedures they have regarding the creation of and/or maintenance of records relating to complaints of sexual harassment and/or retaliation, including all verbal or written complaints, made by employees of any Ojos Restaurant. To the extent that no policies or procedures exist, they must be created, and Defendants shall assure that any revised policies under this Paragraph 50 require Defendants to document in writing, without bias, any complaint by any employee of an Ojos Restaurant of sexual harassment and/or retaliation by a co-worker or manager, even if the complaint is oral or the complainant does not want to provide a written statement. Further, any revised policies under this Paragraph 50 shall require Defendants' responsible personnel to document, without bias, any interviews conducted regarding the complaint and all steps taken to investigate a complaint. Defendants shall take steps to assure that

each Ojos Restaurant and/or Reach has in place a record-keeping system that preserves all records relating to complaints of sexual harassment and/or retaliation from employees of any Ojos Restaurant for the Term.

### C.    *Review of Table Assignment Policy*

51.    The Consultant shall also review Defendants' policies or practices that evaluate employees of any Ojos Restaurant, including but not limited to Server or Host employees, for purposes of table assignments.  The Consultant will review the policies and practices related to table assignments to assure that no policy exists or is used at any Ojos Restaurant by managers to rate for appearance in a manner that encourages or fosters sex harassment.  Based on the Consultant's recommendations, Defendants will revise any policies or practices relating to evaluating or rating employees for table assignments so that these policies more properly project a workplace culture that encourages a respectful workplace and discourages sex harassment of employees.  Nothing set forth in this Paragraph 51 shall prohibit Defendants from evaluating the appearance of any employee solely for purposes of ensuring compliance with the guidelines pertaining to uniforms.

52.    All costs associated with selection of a Consultant and compliance with this Decree shall be paid by Defendants.

### D.    *Training*

53.    During the Term, Defendants shall provide semi-annual EEO training, anti-harassment training and anti-retaliation training for all employees of any Ojos Restaurant and employees of Reach who have management or human resources responsibility over employees of any Ojos Restaurant.  Employees shall be trained at a minimum in the following areas: (a) the

Defendants' policy and procedures for reporting alleged discrimination; (b) understanding the kind of conduct which may constitute unlawful discrimination or harassment; (c) the penalties of engaging in discriminatory or retaliatory behavior; (d) Defendants' non-retaliation policy; and (e) review of the policy statements described in Paragraphs 46-47, 50, and 51 above.  All training under this Paragraph shall be at Defendants' selection and expense. Training required by this Paragraph must be offered by live presentation in at least one of the semi-annual training sessions during each year of the Term, except that after the first year of the Term, the Defendants can elect to present the live training from Ojos Albuquerque and one location in Texas, so long as all employees have the technological capability to join the training remotely and ask questions and/or provide feedback in real time.  After a live presentation in any Decree year has been provided, Defendants may provide subsequent training sessions in that same Decree year by online interactive training, computer training, videotape presentation and/or live training. The training will be conducted as follows:

  **53.1** **Non-managerial Employees:** Within sixty (60) days of entry of this Decree, Defendants will provide non-managerial employees with the first of at least two (2) training sessions to be offered each year of the Term. These non-managerial training sessions shall each be at least one-hour training sessions for each non-managerial employee of any Ojos Restaurant.  Attendance will be mandatory for every employee not on leave on the days of such training.  The training sessions will focus on sex discrimination, hostile work environment, sexual harassment, gender discrimination, and retaliation.  New non-managerial employees hired after the live semi-annual training referenced above will receive training within thirty (30) business days of being hired by online interactive

training, computer training, and/or videotape training. The trainings must be available in both English and Spanish format. The training under this Paragraph 53.1 must be provided by outside vendors, or consultants, including outside counsel for the one live presentation required each year and may be provided by outside vendors or properly trained personnel, including outside counsel, pursuant to Paragraph 53 as to any other presentations held each year.

53.2    **Human Resources, Managerial and Supervisory Employees:** Defendants will provide all employees who work in human resources or in a managerial or supervisory capacity at any Ojos Restaurant, including restaurant managers, assistant managers, shift leaders or shift managers, and employees of Reach who have management or human resources responsibility over employees of any Ojos Restaurant, trainings two (2) times during each year of the Term.  In the first year of the Term, the first training session for Human Resources, Managerial and Supervisory employees will occur within ninety (90) days of the Effective Date. Subsequent training sessions during the term shall occur on dates that are convenient to Defendant but that satisfy the requirements of this Decree for two training sessions per year. Such human resources and managerial employees will receive at least two (2) hours of training two times each year of the Term regarding Title VII and other federal anti-discrimination laws.  The training sessions must directly address sex discrimination, sexual harassment and retaliation, and the proper methods of receiving complaints, communicating, investigating complaints (where applicable), and ameliorating discrimination, including sexual harassment.  In each of these managerial and supervisorial employee training sessions, Defendants shall emphasize with

managerial and supervisorial employees that due to their position of power, such employees (a) must be particularly vigilant not to discriminate, whether consciously or because they rely on subconscious stereotypes; (b) must be sensitive of how their actions or words might be perceived by subordinate employees; and (c) must avoid the temptation to retaliate against an employee because a complaint is made, or might be made, against them. Additionally, Defendants will require employees who are newly hired or recently promoted into a human resource, managerial or supervisory position with respect to any employee of an Ojos Restaurant to complete at least two (2) hours of human resources or supervisory training within thirty (30) days of being hired or promoted. The training under this Paragraph 53.2 must be provided by an outside vendor or the Consultant, including outside counsel.

**53.3   Training on Investigative Techniques:**  All employees with responsibility for responding to or investigating complaints of discrimination by any employee of an Ojos Restaurant, including any human resources employees, supervisors, or managers shall be provided four (4) additional hours of annual training instructing on accepted professional standards for receiving and investigating complaints of discrimination, including such matters as witness interview techniques, other evidence-gathering techniques, maintaining investigative notes and records, legal analysis of the evidence, and methods for eliminating and ameliorating violations of anti-discrimination law.  The training under this Paragraph 53.3 must be provided by an outside vendor or Consultant, including outside counsel.

**53.4   Train the Trainers:**  Any manager or human resource employee with responsibility for training other employees under Paragraph 53.1 above, will be provided

three (3) additional hours of training on the materials to be presented and the proper techniques for teaching the materials. The training under this Paragraph 53.4 must be provided by the Consultant hired pursuant to Paragraph 53 or other outside vendors.

54. Defendants agree that all of their personnel not on leave shall both register for and attend the training sessions. Any employee of Defendants on approved leave at the time of a training session shall complete training on the topics required in Paragraph 53, if applicable, within ninety (90) days of a return to work. Training for employees returning from approved leave is not required to be presented in a live session format.

55. Ojos Albuquerque agrees that at each training session held pursuant to Paragraph 53 above, Ojos Albuquerque shall explain to employees that the EEOC is an agency of the United States that is responsible for receiving and investigating complaints of discrimination from employees. Ojos Albuquerque will further specify the laws the EEOC enforces, and explain procedures for bringing a complaint to the EEOC, including requisite timelines and notifying employees that they need not have an attorney nor is there any cost to approaching the agency. At each of the training sessions held pursuant to Paragraph 53 above, Ojos Albuquerque shall provide its employees with contact information for the EEOC, including the EEOC's Albuquerque Area Office's current phone number, mailing address, and EEOC's website contact information.

56. The EEOC, at its discretion, may designate one or more EEOC representatives to attend any of the training sessions described above, and the EEOC representatives shall have the right to attend and observe the first live training session after the Effective Date. Defendants shall provide the EEOC with thirty (30) days' notice of the date of the first training session.

### E.      *Notice Posting*

**57.**      Within thirty (30) days after the Effective Date, Ojos Albuquerque shall post, in a conspicuous place frequented by employees, the Notice attached as **Exhibit C** to this Decree. The Notice shall be the same type, style, and size as set forth in **Exhibit C**. The Notice shall remain posted for the Term. If the Notice becomes defaced or illegible, Ojos Albuquerque will replace it with a clean copy.  Ojos Albuquerque shall certify to the EEOC, in writing, within forty-five (45) days of the Effective Date that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Decree.

### F.      *Discipline for Violation of Policies*

**58.**      Upon entry of this Decree and for the Term, Defendants agree that where it finds harassment or retaliation occurred in any of is Ojos Locos restaurants, discipline will be administered to discriminating officials promptly and proportionately to the conduct or behavior at issue and the severity of the infraction of the Ojos Restaurant EEO Policy. In administering discipline to discriminating officials during the Term, Defendants agree that they will take reasonable steps to maintain consistency of discipline and avoid any appearance that any particular type or level of employee receives undue favor.

**59.**      Defendants affirm and agree that as of the Effective Date Luis Lopez is not employed at any Ojos Restaurant and will not be reemployed by Defendants at any time during the Term.  Defendants also agree to note in Defendants' records that Luis Lopez is ineligible for rehire as a result of the allegations of sex harassment and retaliation made in this lawsuit.

**60.**      Defendants affirm and agree that as of Effective Date, the managers at Ojos Albuquerque involved in the termination of Charging Party will be issued letters of reprimand for

their failure to properly respond to allegations of sexual harassment and retaliation by Charging Party. These letters of reprimand must be retained in the managers' personnel files for at least the duration of the Term.

### G.    EEO Compliance as a Component of Management Evaluation

61.    Defendants shall, within sixty (60) days of the Effective Date, and at least continuously for the Term, develop and implement a management evaluation and compensation system which includes EEO compliance, compliance with policies and laws prohibiting retaliation, and compliance with this Decree as factors which shall be used to evaluate all managerial employees of any Ojos Restaurant, including but not limited to all executives, managers, supervisors, and shift leaders responsible for Ojos Albuquerque. Defendants management evaluation and compensation system shall include evaluation of these officials based on findings that the individual violated the Ojos Restaurant EEO Policy with respect to claims of sex discrimination, sexual harassment, or retaliation, including a finding that the individual failed to report a complaint of sex discrimination, sexual harassment, or retaliation pursuant to the procedures set forth in the Ojos Restaurant EEO Policy.

### H.    Audits of Ojos Albuquerque

62.    Defendants agree that a Consultant will perform audits of Ojos Albuquerque every six (6) months for three (3) years following the Effective Date (the "Audit Period").  The Consultant shall have access to employees of Ojos Albuquerque for the purpose of conducting interviews, surveys, or other measurements to determine if sexual harassment by managers or co-workers or retaliation is occurring at Ojos Albuquerque and if Defendants are taking immediate and appropriate corrective actions to address any sexual harassment by managers or co-workers or

retaliation found by the Consultant. Within thirty (30) days of each audit that occurs within the Term, the Consultant shall prepare a report (the "Audit Report") for Defendants and the EEOC of any findings relating to sexual harassment by managers or co-workers, retaliation and recommended actions. Defendants are responsible for all expenses of the Consultant and audit process.

### VII. Record Keeping and Reporting Provisions

63.     For the Term, Ojos Albuquerque shall maintain the following records for all current employees of Ojos Albuquerque and any records concerning implementation of this Decree:

 **63.1.**   Personnel files;

 **63.2.**   Payroll records;

 **63.3.**   Work schedules;

 **63.4.**   Complaints of sexual harassment or sex discrimination or retaliation by co-workers or managers and records documenting investigation of such complaints, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken; and

 **63.5.**   All documents related to the employee training described above, including but not limited to attendance sheets, agendas, and training materials.

 **63.6.**   The name, address, email address, and phone number for each person who has made a complaint of discrimination or retaliation during the Term, the names of the employees who the complaint alleged were discriminating individuals or officials, and the names of managers or supervisors to whom the complaints were reported.

**64.**　　Ojos Albuquerque shall provide semi-annual Audit Reports to the EEOC for each six-month period during the Audit Period.  The Audit Report shall be due thirty (30) days following the conclusion of the audit. The final Audit Report required by this Decree shall be submitted to EEOC six weeks before the Term expires. Each Ojos Albuquerque report shall provide the following information in the Audit Report:

　　**64.1.**　**Reports of Discrimination:** For purposes of this Paragraph the term "report of discrimination" will include any written or verbal complaint made to a manager or of which a manager is aware which alleges sex discrimination, or the witnessing of sex discrimination, even if such terminology is not used by the complainant. The complainant need not invoke the terms "discrimination," "Title VII," "disparate treatment," "violation," or "rights," etc. Employees are not trained in legalese and frequently use such terms as "unfair," "unprofessional," "uncomfortable," "unjust," "retaliatory," "treated differently," or "disciplined without or for no reason" and other such language that indicates an allegation of discrimination. The Audit Report will include:

　　　　**64.1.1.** The number of complaints made by employees of Ojos Albuquerque alleging sex discrimination by a co-worker or manager reported to Defendants or to any federal, state, or local government agency; and

　　　　**64.1.2.** A brief summary of each complaint, including the date of the complaint, the Defendants' investigation and response to the complaint, and what, if any resolution was reached.

　　**64.2**　**Complaints of Retaliation:** For purposes of this Paragraph, the term "complaint of retaliation" will include any written or verbal complaint which alleges

21

retaliation for activity that is protected under Title VII, or alleges retaliation for conduct which the Defendants recognize or should have recognized as protected activity under any of those statutes even if the complainant does not use legal or technical terminology. The Audit Report shall include:

> **64.2.1**  The number of complaints made by employees of Ojos Albuquerque alleging retaliation made to Defendants or to any federal, state, or local government agency; and
>
> **64.2.2**  A brief summary of each complaint, including the date of the complaint, the Defendants' investigation and response to the complaint, and what, if any resolution was reached.

**64.3  Training:**

> **64.3.1**  For each training program required under this Decree, and conducted during the Audit Period, Ojos Albuquerque shall submit for all Defendants a registry of attendance or certificates of completion.
>
> **64.3.2**  For each training program conducted by a Consultant, Defendants will identify the consultant and/or vendor and provide a copy of the program agenda.

**65.**     **Posting of Notice**:  Ojos Albuquerque shall recertify to the EEOC that the Notice required to be posted under this Decree has remained posted during the Audit Period, or, if removed, was promptly replaced.

**66.**     **Policy Review**:  During the Audit Period, Ojos Albuquerque shall report on the status of the EEO, anti-harassment and retaliation policy review process required of Defendants

pursuant to Paragraphs 46-51 above. Ojos Albuquerque shall also report for the Audit Period as to the status of any review of table assignment policies for criteria that fosters sexual harassment as required by Paragraph 51 above.

67.     **Record Keeping:**  During the Audit Period, Ojos Albuquerque shall report on the creation and/or revision of any records keeping policies or practices required by this Decree, as required by Paragraph 50 above.

68.     **Expungement of Personnel Records**: The first Audit Report shall include a report on the expungement of personnel records and Charging Party's termination record as required by Paragraphs 40 and 41 above.

69.     **Report on Discipline Issued**: The first Audit Report shall report on the discipline taken as to the managers at Ojos Albuquerque as required by Paragraphs 59- 60 above.

70.     **Management Evaluation and Compensation**: The Audit Report shall include information as to any steps Ojos Restaurant has taken pursuant to Paragraph 61 above to implement changes to its management evaluation and compensation system to include EEO compliance, compliance with policies and laws prohibiting retaliation, and compliance with this Decree as factors which shall be used to evaluate all  managerial employees, including but not limited to all executives, managers, supervisors, and shift leaders responsible for employees at Ojos Albuquerque.

71.     **Audit Findings and Actions**: The Audit Report shall include any actions taken by Ojos Albuquerque in response to any audit findings in the six-months preceding each Audit Report.

**72.**   **Letter of Apology**:   The first Audit Report shall include copies of the Letter of Apology sent to Charging Party as required by Paragraph 43 of this Decree.

### VIII. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**73.**   This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

**74.**   There is no private right of action to enforce any Defendant's obligations under the Decree and only the EEOC, or its successors or assigns, may enforce compliance herewith

**75.**   The EEOC may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. However, prior to petitioning the Court, the EEOC will give Defendants notice of the allegations of non-compliance, followed by a thirty (30) day period to either cure the deficiency or negotiate a resolution of the non-compliance. Should the Court determine that Defendants have not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

**76.**   Absent extension, this Decree shall expire by its own terms at the end of the 36th month from the date of entry without further action by the Parties.

### IX.  EEOC AUTHORITY

**77.**   With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the EEOC to seek to eliminate employment practices or acts

made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## X. COSTS AND ATTORNEY'S FEES

**75.**     Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XI. NOTICE

**76.**     Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by electronic mail as follows:

For Plaintiff:                                                          For Defendants:

Jeff Lee                                                                Meredith Cavallaro
Trial Attorney                                                          Courtney Fain
EEOC Albuquerque Area Office                                            PADUANO & WEINTRAUB LLP
505 Marquette Ave. NW, Suite 900                                        1251 Avenue of the Americas
Albuquerque, NM 87102                                                   Ninth Floor
(505)248-5231                                                           New York, NY 10020
jeff.lee@eeoc.gov                                                       (212)785-9100
                                                                        mcavallaro@pwlawyers.com
                                                                        cf@pwlawyers.com

## XII. SIGNATURES

77.     The parties agree to the entry of this Decree subject to final approval by the

Court.

SO ORDERED this _____ day of _____, 2019.

BY THE COURT:

_____

United States District Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION    OJOS LOCOS SPORTS CANTINA, LLC

By: _____        By: _____
      Mary Jo O'Neill                              Richard Hicks
      Regional Attorney                            Chief Executive Officer

Date: _____2 / 8 / 19_____                Date: _____2 / 11 / 19_____

26

APPROVED AS TO FORM:

Jeff Lee
Trial Attorney

Loretta Medina
Supervisory Trial Attorney
Equal Employment Opportunity Commission
Albuquerque Area Office
505 Marquette Ave. NW, Suite 900
Albuquerque, NM 87102
(505)248-5231
jeff.lee@eeoc.gov
loretta.medina@eeoc.gov

Meredith Cavallaro
Courtney Fain
PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas
Ninth Floor
New York, NY 10020
(212)785-9100
mcavallaro@pwlawyers.com
cf@pwlawyers.com

Danny W. Jarrett
Andrea K. Robeda
JACKSON LEWIS P.C.
800 Lomas Blvd. NW, Suite 200
Albuquerque, NM 87102
(505) 878-0515
Danny.Jarrett@jacksonlewis.com
Andrea.Robeda@jacksonlewis.com

ATTORNEYS FOR PLAINTIFF

ATTORNEYS FOR DEFENDANTS

**EXHIBIT A (Release)**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

     Plaintiff,

v.                            Case No: 1:18-cv-00758-RB-LF

OJOS LOCOS SPORT CANTINA, LLC
OJOS LOCOS SPORTS CANTINA DOS, LLC,
OJOS LOCOS SPORTS CANTINA TRES, LLC,
OJOS LOCOS SPORTS CANTINA CUATRO,
LLC, AND REACH RESTAURANT GROUP,
LLC,

     Defendants.

**RELEASE**

     In consideration for $_____ paid to me by Ojos Locos Sport Cantina, LLC et al., in connection with the resolution of EEOC v. Ojos Locos Sport Cantina, LLC et al., Case No. 18-cv-00758 RB-LF, I waive my right to recover for any claims of sex discrimination or retaliation arising under Title VII of the Civil Rights Act of 1964 ("Title VII") that I had against Ojos Locos Sport Cantina, LLC et al., prior to the date of this release and that were included in the claims alleged in EEOC's complaint in EEOC v. Ojos Locos Sport Cantina, LLC et al., Case No. 18-cv-00758 RB-LF.

Date: _____          Signature: _____

**EXHIBIT B (Letter of Apology)**

     RE:     EEOC v. Ojos Locos Sports Cantina, LLC, Ojos Locos Sports Cantina Dos, LLC, Ojos Locos Sports Cantina Tres, LLC, Ojos Locos Sports Cantina Cuatro, LLC, and Reach Restaurant Group, LLC, Civil Action No. 1:18-cv-00758-RB-LF (D. NM).

Dear Ms. Hyde:

On behalf of Ojos Locos Sports Cantina, LLC, Ojos Locos Sports Cantina Dos, LLC, Ojos Locos Sports Cantina Tres, LLC, Ojos Locos Sports Cantina Cuatro, LLC, and Reach Restaurant Group, LLC ("Ojos Locos"), I wish to express my sincere apology that you found your experience while employed at Ojos Locos Albuquerque location to be unsatisfactory. We wish you the best of luck in the future.

                Sincerely,

                _____
                (Insert Title)
                Ojos Locos Sports Cantina, LLC
                Ojos Locos Sports Cantina Dos, LLC
                Ojos Locos Sports Cantina Tres, LLC
                Ojos Locos Sports Cantina Cuatro, LLC
                Reach Restaurant Group, LLC

**EXHIBIT C (Notice)**

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in <u>EEOC v. Ojos Locos Sports Cantina, LLC, Ojos Locos Sports Cantina Dos, LLC, Ojos Locos Sports Cantina Tres, LLC, Ojos Locos Sports Cantina Cuatro, LLC, and Reach Restaurant Group, LLC</u> filed in the United States District Court for the District of New Mexico, Civil Action No. 1:18-cv-00758-RB-LF (D. NM).

Pursuant to Title VII, it is unlawful for an employer to discriminate based upon the sex of an applicant or employee. Further, it is unlawful for any employer to retaliate against an employee because he or she has requested reasonable accommodation for disability or religion, opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

As part of an agreement between the parties in the lawsuit, the U.S. District Court has Ordered:

- Defendants are prohibited from engaging in any form or sexual harassment or sex discrimination;
- Defendants are prohibited from retaliating against any employee who complains, testifies truthfully regarding, or otherwise opposes unlawful sexual harassment or sex discrimination;
- Defendants must maintain records of all complaints of sexual harassment and sex discrimination and any punitive employment actions or disciplines thereafter regarding such complainant(s);
- Defendants are required to provide training regarding prohibitions on sex harassment and retaliation to all current nonsupervisory employees, and provide training within 30 days of hire to all new employees.
- Defendants are required to provide training to managers, supervisors, and owners at least twice a year so that they are fully aware of prohibitions on sex harassment, retaliation, and their obligations to prevent and address unlawful harassment or retaliation in the workplace.

Please know that Defendants will not tolerate any form of sexual harassment or sex discrimination, including but not limited to:

- Unwanted sexual advances;
- Unwanted touching, groping, or other physical or verbal conduct of a sexual nature;
- Sexual comments or innuendo;
- Requests for sexual favors;
- Any demeaning, intimidating, threatening, or hurtful comments or behavior that shows hostility toward individuals because of their sex;
- Treating female employees less favorably than male employees;

If you personally experience or witness any of the above types of behavior or any other form of

sexual harassment, hostility, or disparate treatment, you are encouraged to contact one of the following persons, all of whom are equipped to communicate with you in either English and Spanish or can refer you to an individual who can help you who is able to communicate in your preferred language:

- Employee Complaint Hotline - 855-364-0777 EXT # 1

- Equal Employment Opportunity Commission
  505 Marquette NW, Suite 900
  Albuquerque, NM 87102
  (505) 738-6721

In compliance with federal law, no official at Ojos Locos will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of three (3) years.

Ojos Locos Sports Cantina, LLC, Ojos Locos Sports Cantina Dos, LLC, Ojos Locos Sports Cantina Tres, LLC, Ojos Locos Sports Cantina Cuatro, LLC, and Reach Restaurant Group, LLC,

By: _____     _____

**EXHIBIT D (List of Ojos Restaurants)**

Albuquerque
2105 Louisiana Blvd NE
Albuquerque, NM 87110

Almeda
12200 Gulf Frwy
Houston, TX 77034

Arlington
1620 E Copeland Rd
Arlington, TX 76011

Austin
75228 North I-35
Austin, TX 78752

Dallas
10230 E Technology Blvd
Dallas, TX 75220

El Paso
1204 Airway Blvd
El Paso, TX 79925

Northline
4422 North Frwy
Houston, TX 77022

San Antonio
5809 NW Loop 410
San Antonio, TX 78238

Southwest
9501 Southwest Freeway
Houston, TX 77074